UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :

VICTOR BROWN,

                      Petitioner,

                                       13-CV-4615 (JPO)
          -v-

                                       <u>OPINION AND ORDER</u>

ADA PEREZ,

                      Respondent.

------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Petitioner Victor Brown, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his conviction, in New York Supreme Court, Bronx County, of first-degree manslaughter. Brown alleges that his Sixth Amendment right to a speedy trial was violated by a three and a half year delay during which the parties engaged in discovery and motion practice, and the prosecution attempted to locate a witness. (Dkt. 1 ¶ 9.) The Court referred this case to Magistrate Judge Andrew J. Peck, who issued a Report and Recommendation that Brown's habeas petition be denied. (Dkt. 9) ("Report and Recommendation"). Brown timely objects to this recommendation. (Dkt. 12.) The Court has thoroughly reviewed the parties' filings, Judge Peck's Report, and Brown's objections to the Report. For the reasons that follow, the Court adopts Judge Peck's Report and Recommendation in full.

I.    **Standard of Review**

      When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made, and will make a *de novo* determination regarding those parts

of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted). However, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error, and not de novo, review applies. *Id*. (internal citations and quotation marks omitted). Where, as here, the objecting party is proceeding *pro se*, the Court construes the objections liberally. *Pearson-Fraser v. Bell Atlantic*, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

II.    Discussion

    A.    **Constitutional Right to a Speedy Trial**

Brown objects to Judge Peck's Report on the ground that it erroneously reads *Barker v. Wingo*, 407 U.S. 514 (1972), to require a showing of prejudice in order to prove the denial of the Sixth Amendment right to a speedy trial. (Dkt. 12 at 3.) Brown is correct that a showing of prejudice is not required for such a claim. *See Moore v. Arizona*, 414 U.S. 25, 26 (1973) ("*Barker v. Wingo* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial."). However, he misreads Judge Peck's Report; nowhere in the Report does Judge Peck suggest that a showing of prejudice is required, or that Brown's failure to show prejudice singlehandedly defeats his petition.

In fact, the Report states the opposite. Judge Peck writes, "[P]rejudice is not a prerequisite to finding a Sixth Amendment violation . . . ." Report and Recommendation at 33-34 (quoting *United States v. Ghailani*, 733 F.3d 29, 42 n.12 (2d Cir. 2013)); *see also* Report and Recommendation at 22 ("[N]o single factor is dispositive."). Consistent with this statement, Judge Peck proceeds to properly evaluate Brown's claim by balancing the four criteria for

assessing speedy trial claims set out in *Barker*, one of which is prejudice from the delay.  Report and Recommendation at 25-40.[1]

In sum, Brown's objection is without basis in Judge Peck's Report.  It is not "aimed at [a] particular finding[] in the magistrate judge's proposal" and therefore the Court reviews the Report for clear error, and finds none.  *See McDonaugh*, 672 F. Supp. 2d at 547. [2]

B.  **The Speedy Trial Act**

Brown's objection to the Report also hints at a claim that the delay in bringing his case to trial violated the Speedy Trial Act.  (Dkt. 12 at 4.) ("The prolonged delays in this case are the targets at which the Speedy Trial Act was clearly aimed.")  Judge Peck did not address Brown's Speedy Trial Act claim in his Report; therefore, the Court addresses it here.

The federal Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* establishes time limits for the completion of various stages of a federal criminal prosecution.  For example, under the Act, subject to specified exclusions of time, the indictment must be filed within thirty days of the accused's arrest, and trial must begin within seventy days from the filing of the indictment.  18 U.S.C. §§ 3161(b), 3161(c)(1).  The Act, however, is applicable only to federal cases, and therefore does not apply to Brown, who was charged with violating New York State law.  *See* 18

---

[1] The other three factors are the length of the delay, the reason for the delay, and the defendant's assertion of his right.  *Barker*, 407 U.S. at 530.  Judge Peck does note that courts have rarely found a speedy trial act violation where there is no prejudice to the defendant from the delay.  Report and Recommendation at 33-34.  This is a correct statement of the law.  *See United States v. Cain*, 671 F.3d 271, 297 (2d Cir. 2012) ("Although a showing of prejudice is not a prerequisite to finding a Sixth Amendment violation, courts have generally been reluctant to find a speedy trial violation in the absence of genuine prejudice.") (quotation omitted).

[2] Although Brown's objection merits only clear error review, in the interest of fairness to the *pro se* petitioner the Court has also conducted a de novo review and determines that Judge Peck's Report is well reasoned and properly disposes of Brown's constitutional claim.

U.S.C. § 3172(2); *United States v. Leonard*, 639 F.2d 101, 103 (2d Cir. 1981).  Accordingly, to the extent that Brown intends to assert a claim under the Speedy Trial Act, the claim is denied.

### III.     Conclusion

For the foregoing reasons, the Court adopts Magistrate Judge Peck's Report and Recommendation in full and denies Brown's petition for habeas corpus.  The Clerk of Court is directed to enter judgment in Respondent's favor and to close the case.

      SO ORDERED.

Dated: October 20, 2014
      New York, New York

                                    J. PAUL OETKEN
                                    United States District Judge

A copy of this opinion and order has been mailed by the Court to pro se Petitioner Victor Brown.